UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. IZQUIERDO,

    Plaintiff,

v.                                          Case No. 8:21-cv-38-TPB-AEP

DWAYNE GILLISPIE,

    Defendant.
_____/

## ORDER GRANTING "MOTION TO REMAND AND TERMINATE PROCEEDINGS"

This matter is before the Court on Plaintiff's "Motion to Remand and Terminate Proceedings," filed on February 11, 2021. (Doc. 14). Defendant responded in opposition on February 12, 2021. (Doc. 15). Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background

On November 30, 2016, Plaintiff Edward T. Izquierdo filed an ejectment action in Hillsborough County Circuit Court, seeking to recover possession of real property in Plant City, Florida. While the ejectment complaint provides little detail, it appears that Defendant owns or owned property adjoining Plaintiff's property and that Defendant erected shelters for wild horses on land that Plaintiff contends lies on his side of the boundary between the two properties.

Plaintiff obtained a default judgment on August 18, 2017. Defendant contends that he was not properly served with process and first learned of the

ejectment suit on December 16, 2020 through a search of his name on the Hillsborough County Clerk of Court's website. On December 23, 2020, Defendant filed a motion in the circuit court seeking to have the default judgment vacated. On January 7, 2021, Defendant removed the case to this Court.

## Legal Standard

28 U.S.C. § 1441(a) allows a defendant to remove a civil action to federal court when the case is within the federal court's original jurisdiction. Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant must establish federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to the propriety of removal must be resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).[1]

## Analysis

Under 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over all civil actions where (1) the parties are completely diverse and (2) the amount in controversy exceeds $75,000.[2] When the amount in controversy supporting diversity jurisdiction is challenged, "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*

---

[1] Fifth Circuit cases decided before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[2] Defendant's removal notice attempts to base federal court jurisdiction on 28 U.S.C. § 1331, which provides for jurisdiction over actions arising under federal law. However, the complaint presents no federal question.

*Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014). The amount in controversy is determined solely from the plaintiff's perspective. *Ericsson GE Mobil Comm., Inc. v. Motorola Comm. & Elec., Inc.*, 120 F.3d 216, 218-20 (11th Cir. 1997). The consequences of the action from the defendant's perspective are irrelevant. *Id.*

Plaintiff's ejectment complaint seeks only to recover possession of real property. This type of claim cannot be reduced to a monetary sum for the purpose of determining the amount in controversy. *See South Spanish Trail, LLC v. Caribbean Crossings, Ltd.*, No. 9:19-cv-80285-ROSENBERG/REINHART, 2019 WL 2461821, at *1 (S.D. Fla. June 13, 2019) (citing *Novastar Mortgage, Inc. v. Bennett*, 173 F. Supp 2d 1358, 1361-62 (N.D. Ga. 2001), *aff'd*, 35 F. App'x 858 (11th Cir. 2002) (table)). Defendant's removal notice vaguely refers to the value of "structures" (apparently the horse shelters), possible financial loss to the Defendant, and the appraised value of unspecified property. These allegations, offered without supporting evidence, do not allow the Court to reasonably deduce that the amount in controversy exceeds $75,000. *See, e.g., Potter v. Deland Country Club, Inc*, No. 6-11-cv-1082-Orl-22GJK, 2011 WL 13299567, at *7 (M.D. Fla. Sept. 8, 2011) (remanding case where defendant offered "vague allegations and insufficient evidence from which to deduce reasonably that the amount in controversy requirement [was] satisfied").

Because Defendant has failed to establish that the required amount in controversy exists, the Court will not address Plaintiff's additional argument that Defendant's removal was untimely. The case is remanded to state court.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's "Motion to Remand and Terminate Proceedings" (Doc. 14) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of May, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**